**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Tikbooks Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Chanke Trade Co., Limited,<br>d/b/a ChannKee Shop,<br><br>Defendant. | ) | Case No. 1:26-cv-14096<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Tikbooks Inc. ("Tikbooks" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint against Defendant Chanke Trade Co., Limited, d/b/a ChannKee Shop ("Defendant"), and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for copyright infringement arising from Defendant's unauthorized copying, reproduction, public display, distribution, advertising, offer for sale, and sale of a book that reproduces protected textual and visual expression from Plaintiff's copyrighted work.

2. Plaintiff is the owner of the copyright in the children's educational work entitled 100000 Whys: Building the Ultimate Brain for Kids (the "Copyrighted Work"), including the copyright in the textual content registered with the United States Copyright Office under Registration No. TX0009604619 and the copyright in the two-dimensional artwork registered under Registration No. VA0002490624.

3. The Copyrighted Work was created in 2025 and first published in the United States on August 1, 2025. It contains original textual content and original two-dimensional artwork created

for and owned by Plaintiff.

4. Defendant operates and controls a U.S. online storefront known as "ChannKee Shop" through TikTok Shop, through which Defendant markets and sells books to consumers in the United States.

5. Through the ChannKee Shop storefront, Defendant has advertised, offered for sale, sold, and distributed a book entitled 100000 Whys (the "Accused Work").

6. Although the Accused Work uses a different exterior cover design from Plaintiff's Copyrighted Work, it reproduces substantial protected textual and visual expression from Plaintiff's Copyrighted Work in its back cover, spine, table of contents, and interior pages, including Plaintiff's original illustrations, textual content, decorative elements, and the selection, coordination, and arrangement of those elements.

7. Defendant did not merely use the same general educational subject matter or concept as Plaintiff. Rather, the Accused Work reproduces the particular textual and visual expression embodied in Plaintiff's Copyrighted Work while principally altering the exterior cover design.

8. Defendant has commercially exploited the Accused Work through the ChannKee Shop storefront and has caused copies of the Accused Work to be sold and shipped to consumers in the United States, including within this District.

9. Plaintiff therefore brings this action to stop Defendant's continuing infringement and to recover relief available under the Copyright Act.

## II. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

11. This Court has personal jurisdiction over Defendant because Defendant has purposefully

directed commercial activities toward the United States and Illinois, including by operating a U.S. interactive TikTok Shop storefront through which Illinois consumers can purchase the Accused Work.

12. Defendant has purposefully availed itself of the privilege of conducting commercial transactions in Illinois by advertising and offering the Accused Work for sale to Illinois consumers, accepting orders for the Accused Work destined for Illinois, receiving payment for such orders, and causing copies of the Accused Work to be shipped into Illinois.

13. Plaintiff documented Defendant's Illinois commercial activity through a test purchase of the Accused Work from the ChannKee Shop storefront. Defendant accepted the order and caused the Accused Work to be shipped to Chicago, Illinois, within this District.

14. Plaintiff's claims arise out of and relate directly to Defendant's commercialization and distribution of the Accused Work, including its sale and shipment of the Accused Work into this District.

15. The exercise of personal jurisdiction over Defendant therefore comports with due process.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because Defendant may be found in this District for purposes of Plaintiff's copyright claims and has directed the infringing commercial activity giving rise to this action into this District.

17. Defendant is, upon information and belief, an entity organized under the laws of Hong Kong and is not a resident of the United States. Accordingly, Defendant may also be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## III. THE PARTIES

18. Plaintiff Tikbooks Inc. is a corporation organized and existing under the laws of the State of Georgia, with an address at 565 Washington Way, Cumming, Georgia 30040.

19. Tikbooks creates, publishes, markets, and sells educational books and related content for children.

20. Defendant is, upon information and belief, a business entity organized and existing under the laws of Hong Kong and does business through the TikTok Shop storefront "ChannKee Shop."

21. Upon information and belief, Defendant maintains a business address at Workshop 60, 3/F, Block A, East Sun Industrial Centre, No. 16 Shing Yip Street, Kwun Tong, Kowloon, Hong Kong, China.

22. Upon information and belief, Defendant owns, operates, controls, and conducts business through the TikTok Shop storefront known as "ChannKee Shop", Store ID 7494629628520858653 (the "ChannKee Shop Store").

23. The ChannKee Shop Store is used to advertise, offer for sale, sell, and distribute books, including the Accused Work, to consumers in the United States.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff and the Copyrighted Work

24. Tikbooks develops, publishes, markets, and sells educational works for children, including works incorporating original textual and visual content.

25. Among Plaintiff's original works is the children's educational work entitled 100000 Whys: Building the Ultimate Brain for Kids.

26. The Copyrighted Work was created in 2025 and was first published in the United States on August 1, 2025.

27. Plaintiff owns a copyright registration covering the textual content of the Copyrighted Work, registered with the United States Copyright Office on December 26, 2025, under Registration No. TX0009604619.

28. The registration identifies the nature of authorship as "text."

29. Plaintiff also owns a copyright registration covering the visual material embodied in the Copyrighted Work, registered with the United States Copyright Office on December 26, 2025, under Registration No. VA0002490624.

30. The registration identifies the nature of authorship as "2-D artwork."

31. The Copyright Office registration records identify Tikbooks Inc. as the copyright claimant for both registrations.

32. True and correct copies of the Copyright Office registration records for the Copyrighted Work are attached hereto as Exhibit A.

33. The Copyrighted Work contains original educational text accompanied by original two-dimensional artwork and illustrations throughout its interior pages.

34. The textual expression embodied in the Copyrighted Work includes, among other things, the particular written passages, dialogue, and other written content presented throughout the work.

35. The visual expression embodied in the Copyrighted Work includes, among other things, original illustrated characters, animals, objects, decorative elements, and other graphic artwork appearing throughout the interior pages. These textual and visual elements are presented together in illustrated page compositions in which written content and original artwork are arranged and coordinated to form the interior pages of the Copyrighted Work. The Copyrighted Work also incorporates original graphic and decorative elements on its back cover and spine, as well as distinctive arrangements of textual and visual elements in its table of contents.

36. Since its initial publication on August 1, 2025, Plaintiff has extensively marketed, promoted, and distributed the Copyrighted Work across the United States through major online retail channels, including TikTok Shop, achieving significant commercial visibility and consumer

recognition. Consequently, Defendant had ready and widespread access to Plaintiff's Copyrighted Work prior to offering the Accused Work.

**B. Defendant's Accused Work**

37. Defendant advertises and sells through the ChannKee Shop Store a children's educational book marketed under the title 100000 Whys (the "Accused Work"). Upon information and belief, Defendant commenced its unauthorized reproduction, distribution, and sale of the Accused Work after December 26, 2025, the effective date of Plaintiff's copyright registrations.

38. The Accused Work is offered through Defendant's U.S. TikTok Shop storefront and is available for purchase by consumers in the United States.

39. The front exterior cover artwork of the Accused Work differs from the exterior cover artwork of Plaintiff's Copyrighted Work.

40. Notwithstanding the differences in the front cover design, the Accused Work contains textual and visual elements on its back cover, spine, table of contents, and interior pages that closely correspond to those in Plaintiff's Copyrighted Work.

41. Representative comparisons preserved by Plaintiff show corresponding back-cover illustrations and decorative elements, spine designs, table-of-contents text and formatting, and interior pages containing substantially the same written content, illustrations, graphic elements, and relative placement of those elements.

42. As of the date Plaintiff preserved evidence of the ChannKee Shop Store's TikTok listing, the product listing represented that approximately 12,200 (12.2K) units of the Accused Work had been sold, with nearly 500 customer reviews.

43. The ChannKee Shop Store separately represented that the storefront had completed approximately 12,700 (12.7K) total sales across its store, demonstrating that the Accused Work

accounts for the vast majority of Defendant's overall sales volume.

44. The foregoing figures are based on the ChannKee Shop Store and product listing and are alleged according to the information displayed at the time Plaintiff preserved the evidence.

**C. Defendant's Copying of Plaintiff's Copyrighted Work**

45. The interior content of the Accused Work is substantially similar to Plaintiff's Copyrighted Work in protectable textual and visual expression. Representative side-by-side comparisons demonstrate corresponding written content, illustrations, character artwork, graphic elements, and page compositions, as described below.

**1. Textual Content**

46. Plaintiff's Copyrighted Work contains original written content throughout its interior pages, including explanatory passages, questions and answers, dialogue, and other educational text.

47. Corresponding pages of the Accused Work reproduce the same or substantially the same written passages, sentence structures, dialogue, and paragraph content appearing in Plaintiff's Copyrighted Work.

**2. Illustrations and Character Artwork**

48. Plaintiff's Copyrighted Work contains original two-dimensional artwork, including illustrated characters, animals, objects, decorative elements, and background graphics.

49. Corresponding pages of the Accused Work reproduce substantially similar illustrations and character artwork, including corresponding figures, poses, expressions, relative sizes, orientations, and surrounding graphic elements.

50. These similarities concern Plaintiff's particular artistic expression and the specific visual depiction and coordination of those elements, rather than generalized concepts such as children, animals, or educational illustrations standing alone.

**3. Page Layout and Composition**

51. Plaintiff's textual and visual content is arranged together in illustrated page compositions incorporating written passages, text boxes, illustrations, and decorative graphics.

52. Representative corresponding pages of the Accused Work reproduce substantially the same arrangement and relative positioning of these elements, including the placement of headings, written passages, dialogue boxes, star-shaped dividers, illustrations, and surrounding decorative graphics.

**4. Overall Similarity**

53. The similarities are not limited to isolated passages or individual illustrations. Rather, the Accused Work reproduces substantial portions of Plaintiff's textual and visual expression, including corresponding elements of the back cover, spine, table of contents, and interior pages, together with their selection, coordination, and arrangement.

54. Although the Accused Work uses a different front cover design, the interior pages contain extensive similarities to Plaintiff's Copyrighted Work.

55. Representative side-by-side comparisons of Plaintiff's Copyrighted Work and the Accused Work are attached hereto as Exhibit B.

**D. Defendant's Commercial Exploitation of the Accused Work**

56. Defendant has used the Accused Work to advertise and sell books commercially through the ChannKee Shop Store.

57. Defendant's TikTok Shop listing makes the Accused Work available for purchase by consumers in the United States, including consumers located in Illinois.

58. On October 12, 2026, Plaintiff purchased one copy of the Accused Work through the ChannKee Shop Store for purposes of documenting Defendant's infringement.

59. Defendant accepted Plaintiff's order. TikTok Shop assigned the transaction Order No. 577614419404231317.

60. The order designated 4101 West Ann Lurie Place, Monda Window, Chicago, Illinois 60632 as the shipping destination.

61. Defendant thereafter caused a copy of the Accused Work to be placed into the distribution stream for shipment to Chicago, Illinois. The shipment was assigned Tracking No. 1Z16GF590339665351.

62. Plaintiff received the Accused Work shipped pursuant to the test purchase and preserved evidence concerning the product listing, purchase transaction, shipment, receipt, and the Accused Work itself.

63. Defendant has not received authorization, permission, or a license from Plaintiff to reproduce, copy, adapt, display, distribute, advertise, sell, or otherwise exploit the Copyrighted Work.

**E. Substantial Similarity and Unauthorized Copying**

64. The Accused Work is not only substantially similar, but strikingly similar to, and in its interior pages, a virtual replica of, Plaintiff's Copyrighted Work in protected textual and visual expression.

65. The similarities identified above include verbatim written passages, identical illustrations, character and animal artwork, decorative graphics, and the exact coordination, pagination, and arrangement of those elements across the back cover, spine, table of contents, and interior pages.

66. These extensive, page-for-page correspondences preclude any possibility of independent creation, coincidence, or reliance on a common source, and conclusively establish that Defendant directly and literally copied Plaintiff's Copyrighted Work.

67. Furthermore, Defendant's infringement is manifestly willful and deliberate. While Defendant altered the central illustration on the front exterior cover to depict an astronaut—an apparent attempt to evade automated platform detection and disguise the pirated nature of the book at first glance—Defendant retained Plaintiff's distinctive "100000 WHYS / DEVELOP A SCIENTIST'S WAY OF THINKING" callout badge on the front cover, and systematically copied Plaintiff's back cover design (including the steam train illustration and European scroll border), spine ribbon and scroll insignia, table of contents, and entire interior text and artwork.

68. Defendant has reproduced, distributed, displayed, advertised, offered for sale, and sold over 12,200 copies of the Accused Work without Plaintiff's authorization, permission, or license, including ongoing sales and fulfillment well after the effective date of Plaintiff's copyright registrations.

69. Defendant's unauthorized copying and high-volume, cut-rate commercial exploitation of the Accused Work (offered at a "flash sale" price of $11.37) have caused, and continue to cause, immediate and irreparable harm to Plaintiff. In addition to diverting massive sales and eroding Plaintiff's market share on the exact same e-commerce platform (TikTok Shop), the physical copies of the Accused Work suffer from inferior printing and manufacturing defects, such as untrimmed excess white margins, which tarnish the goodwill, reputation, and perceived quality associated with Plaintiff's authentic Copyrighted Work. Monetary damages alone are inadequate to compensate Plaintiff for this ongoing injury to its market position and brand reputation.

## V. FIRST CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

## 17 U.S.C. §§ 106 AND 501

70. Plaintiff repeats and realleges paragraphs 1 through 69 as though fully set forth herein.

71. Plaintiff owns valid copyrights in the Copyrighted Work, including the textual content registered under U.S. Copyright Registration No. TX0009604619 and the two-dimensional artwork registered under U.S. Copyright Registration No. VA0002490624.

72. Pursuant to 17 U.S.C. § 106, Plaintiff possesses the exclusive rights, among others, to reproduce the copyrighted work, prepare derivative works based upon the copyrighted work, distribute copies of the copyrighted work, and publicly display the copyrighted work.

73. Without Plaintiff's authorization, permission, or license, Defendant copied and reproduced protected textual and visual expression from Plaintiff's Copyrighted Work in the Accused Work.

74. Defendant further distributed, offered for sale, sold, and publicly displayed copies of the Accused Work through the ChannKee Shop Store, including in connection with sales directed to consumers in the United States and Illinois.

75. By engaging in the foregoing conduct, Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 and infringed Plaintiff's copyrights within the meaning of 17 U.S.C. § 501.

76. Defendant's acts of infringement have caused and continue to cause injury to Plaintiff.

77. Defendant has received revenues, profits, and other commercial benefits attributable to its unauthorized exploitation of Plaintiff's copyrighted expression.

78. Defendant's acts of infringement are willful, intentional, and in reckless disregard of Plaintiff's copyright rights within the meaning of 17 U.S.C. § 504(c)(2).

79. As a direct and proximate result of Defendant's infringement, Plaintiff is entitled to recover its actual damages and Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), or, alternatively and at Plaintiff's election, statutory damages up to the maximum amount of $150,000 per copyrighted work infringed for willful infringement pursuant to 17 U.S.C.

§ 504(c).

80. Plaintiff is further entitled to recover its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

81. Defendant's infringement is ongoing or threatens to continue unless restrained by this Court.

82. Plaintiff is therefore entitled to injunctive relief pursuant to 17 U.S.C.§502, as well as the impoundment and destruction of infringing articles pursuant to 17 U.S.C. § 503.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tikbooks Inc. respectfully requests that judgment be entered in its favor and against Defendant as follows:

A. Declaring that Defendant has willfully infringed Plaintiff's copyright in the Copyrighted Work in violation of 17 U.S.C. §§ 106 and 501;

B. Preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons acting in concert or participation with Defendant who receive actual notice of the injunction, including any e-commerce platforms (such as TikTok Shop), online marketplaces, fulfillment centers, and financial or payment processing institutions, from reproducing, copying, adapting, displaying, distributing, advertising, marketing, offering for sale, selling, or otherwise exploiting the Copyrighted Work, the Accused Work, or any work substantially similar thereto in protected expression, pursuant to 17 U.S.C. § 502 and Fed. R. Civ. P. 65(d)(2);

C. Ordering Defendant to cease the manufacture, importation, distribution, advertising, offering for sale, and sale of the Accused Work and ordering the impoundment and destruction of all copies of the Accused Work and all plates, molds, matrices, electronic files,

or other articles by means of which such copies may be reproduced, pursuant to 17 U.S.C. § 503;

D. Awarding Plaintiff its actual damages and the profits of Defendant attributable to Defendant's infringement pursuant to 17 U.S.C. § 504(b) or, alternatively and at Plaintiff's election, maximum statutory damages for willful infringement pursuant to 17 U.S.C. § 504(c);

E. Awarding Plaintiff prejudgment and post-judgment interest to the extent permitted by law;

F. Awarding Plaintiff its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

G. Granting such other and further relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 12, 2026

Respectfully submitted,

/s/Zhiwei Hua
ZHIWEI HUA
Concord & Sage PC
1360 Valley Vista Dr, Suite 140,
Diamond Bar CA 91765
NY Bar No. 6099105
huazhiwei@concordsage.com
Phone: (216)3923236

*Attorney for Plaintiff*